IN THE DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. THOMAS AND ST. JOHN

```
CHRIS CARTY,                     )
                                 )
                                 )
          Plaintiff,             )
v.                               )   CIVIL NO. 2011-67
                                 )
JULIUS WILSON, Director of Virgin)
Islands Prisons, and VINCENT     )
FRASER, ESQ., Attorney General of)
the Virgin Islands,              )
                                 )
                                 )
          Defendants.            )
_____)
```

MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for appointment of counsel. Plaintiff brings this 42 U.S.C. § 1983 action against defendants in their official and individual capacities for allegedly: (1) violating plaintiff's First and Fourteenth Amendment rights, (2) failing to provide plaintiff with law books in violation of the right to access to the courts, and (3) failing to have a "legitimate and substantial" reason for transferring plaintiff from a prison in the Virgin Islands to a prison in Virginia. As a result of these alleged wrongs, plaintiff seeks compensatory and punitive damages against defendants.

*Carty v. Wilson, et al.*
Civil No. 2011-67
Page 2 of 4

Indigent civil litigants do not have a constitutional or a statutory right to appointed counsel.[1]   Under 28 U.S.C. § 1915(e)(1), however, a court "may request an attorney to represent any person unable to afford counsel."   The United States Court of Appeals for the Third Circuit has interpreted § 1915(e)(1) "as affording district courts 'broad discretion' to determine whether appointment of counsel in a civil case would be appropriate."[2]   In deciding whether to appoint counsel, a court must first make a threshold assessment of "whether the claimant's case has some arguable merit in fact and law."[3]   If the claimant overcomes this initial hurdle, then the court should consider the following factors in determining whether to appoint counsel.   These factors are:

1. the plaintiff's ability to present his or her own case;

2. the difficulty of the particular legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

---

[1]   *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 456–57 (3d Cir. 1997)).

[2]   *Montgomery,* at 498(citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).

[3]   *Montgomery*, at 498(citing T*abron,* 6 F.3d at 155 and *Parham*, 126 F.3d at 457).

*Carty v. Wilson, et al.*
Civil No. 2011-67
Page 3 of 4

    4. the plaintiff's capacity to retain counsel on his or her own behalf;

    5. the extent to which a case is likely to turn on credibility determinations; and

    6. whether the case will require testimony from expert witnesses.[4]

Actions under 42 U.S.C. § 1983 seeking monetary damages or retrospective injunctive relief cannot be maintained against the "the Territory of the Virgin Islands . . . [or] its officers acting in their official capacities [because they] are [not] 'persons' under 42 U.S.C. § 1983."[5]  Accordingly, only a § 1983 action for prospective injunctive relief may be maintained against the Territory and its officers acting in their official capacities.[6]

Here, plaintiff seeks only monetary damages against defendants.  He does not seek any prospective injunctive relief.  As such, it appears that Carty's claims are without merit in fact and law.  He has therefore not made the threshold showing necessary for the appointment of counsel. Moreover, the Court must be mindful of the Third Circuit's caution that care should be exercised "in appointing counsel because volunteer lawyer

---

[4]   *Montgomery,* at 499 (citing *Tabron*, 6 F.3d at 155-57).

[5]  *Iles v. de Jongh*, 638 F.3d 169, 177-78 (3d Cir. 2011).

[6]   *Id.*

*Carty v. Wilson, et al.*
Civil No. 2011-67
Page 4 of 4

time is a precious commodity and should not be wasted on frivolous cases."[7]  Accordingly, the Court declines to appoint counsel here.  For the foregoing reasons, it is hereby ORDERED that plaintiff's motion is DENIED.

S_____
                    **RUTH MILLER**
                    United States Magistrate Judge

---

[7] *Montgomery,* 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).