DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

```
CHRIS CARTY,                          )
                                      )
            Plaintiff,                )
                                      )
       v.                             )   Civil No. 2011-67
                                      )
JULIUS WILSON, in his capacity        )
as the Director of Prisons, and       )
VINCENT FRAZER, in his capacity       )
as the Attorney General of the        )
Virgin Islands,                       )
                                      )
            Defendants.               )
                                      )
```

**ATTORNEYS:**

**Chris Carty**
Red Onion State Prison – Pound, VA
    *Prisoner pro se,*

**Julius Wilson, in his capacity as the Director of Prisons**
    *Unrepresented entity,*

**Vincent Frazer, in his capacity as the Attorney General of the Virgin Islands**
    *Unrepresented entity.*

## ORDER

Before the Court is the May 13, 2013, motion of Chris Carty ("Carty"), a pro se prisoner proceeding *in forma pauperis*, for default judgment.

Carty is currently incarcerated at Red Onion State Prison in Pound, Virginia. He filed the instant action on June 20, 2011. Carty subsequently filed a default judgment motion. Therafter, Carty was granted permission to proceed *in forma*

Case: 3:11-cv-00067-CVG-RM Document #: 12 Filed: 03/20/14 Page 2 of 3

Carty v. Wilson, et al.
Civil No. 2011-67
Order
Page 2

*pauperis* on March 12, 2014. There is no record evidence of any defendant receiving service of process.

"[D]efault judgments are disfavored. Courts prefer adjudication on the merits." *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982); *citing Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981). A case involving a default judgment requires "strict compliance with the legal prerequisites establishing the court's power to render the judgment." *Id.*

A plaintiff is not entitled to default judgment if he or she fails to comply with Federal Rule of Civil Procedure 4, which governs service of process. *See*, *e.g.*, *Walton v. Rogers*, 860 F.2d 1081 (6th Cir. 1988) (*citing Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982)); *see also Zeviar v. Local No. 2747, Airline, Aerospace & Allied Employees, IBT*, 733 F.2d 556, 558 n.3 (8th Cir. 1984) (noting "no indication in the record before it that [the] defendant [] was properly served" in determining whether the district court should have entered default judgment against the defendant).

Here, there is no record evidence that Carty ever served the defendants named in his complaint. In determining whether to grant a motion for default judgment, the Court must ensure

*Carty v. Wilson, et al.*
Civil No. 2011-67
Order
Page 3

strict compliance with procedural rules. Without properly serving the defendants, Carty is not entitled to a default judgment in his favor.

The premises considered, it is hereby

**ORDERED** that Carty's motion for default judgment is **DENIED**.

S\_____
**Curtis V. Gómez**
**District Judge**