IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| CHRIS CARTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 2011-67 |
| | ) | |
| JULIUS WILSON and VINCENT FRAZER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Chris Carty, a Virgin Islands inmate currently incarcerated at a Virginia state prison, is proceeding *in forma pauperis* in a civil rights action brought pursuant to 42 U.S.C. § 1983.  Carty's amended complaint is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.  On July 7, 2014, the matter was referred to the undersigned for a Report and Recommendation.

### I.    BACKGROUND

Following screening of Carty's original complaint, the District Court dismissed all claims and granted Carty limited leave to amend the following claims: (1) the First Amendment retaliatory transfer claim; (2) the civil conspiracy claim; and (3) the access to courts claim as it relates to a habeas petition – each against Julius Wilson (Director of the U.S. Virgin Islands Bureau of Corrections) and Vincent Frazer (Attorney General of the U.S. Virgin Islands Department of Justice) in their individual capacities.  *See* April 10, 2014 Amended Order (the "April Order") [DE 17]

Prior to the April Order, Carty filed what appears to be three slightly different, hand-written versions of the same complaint – a motion [DE 13] to amend his complaint, a brief [DE 14] in support thereof and a sworn affidavit [DE 15].  Carty did not file a proposed amended complaint in accordance with the April Order.  Accordingly, the Court construes Carty's motion as the proposed amended complaint as it contains both alleged facts and a prayer for relief.  As previously explained [DE 11], pursuant to 28 U.S.C. § 1915(e) and § 1915A(a), a court is directed to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant.

## II.    DISCUSSION

To state a claim for relief under Title 42, section 1983 of the United States Code, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.[1]  *West v. Atkins*, 487 U.S. 42, 49-50 (1988); *accord Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).  The Court previously found that Carty sufficiently alleged facts showing Wilson and Frazer both acted under color of state law.  Accordingly, the Court limits its § 1983 analysis to whether the amended complaint sufficiently alleges a violation of a Constitutional or statutory right.

---

[1]    A claim brought pursuant to § 1983 is subject to the same statute of limitations as a personal injury claim in the state where the claim arose.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Cito v. Bridgewater Township Police Dep't*, 892 F .2d 23, 25 (3d Cir. 1989).  Carty's claims against defendants arose in the Virgin Islands; thus, the applicable statute of limitations is the Virgin Islands' statute of limitations for personal injury actions, which is two years.  5 V.I.C. § 31(5)(A).  The statute of limitations period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action."  *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).  Carty states his alleged unconstitutional transfer occurred in August 2009; accordingly, Carty's § 1983 action, initially filed June 20, 2011, is timely.

*Carty v. Wilson*
Civil No. 2011-67
Page 3

## A.      First Amendment Retaliatory Transfer Claim

Carty was transferred from the Virgin Islands to a Virginia prison in 2009.  Pl.'s Mot. at 2.   Carty alleges Wilson and Frazer transferred him in retaliation for a then-pending appeal before the Supreme Court of the Virgin Islands.[2]  *Id.*  In support of this allegation, Carty claims that no "legitimate and substantial" reason existed for his transfer, as he, for example, has no enemies in the Virgin Islands prisons and has never "stabb[ed] guards or inmates."[3]  *Id.*  Carty also alleges that defendants promised that he would remain incarcerated in Virginia for only one year, but that he has instead been housed in solitary confinement at the Virginia prison for five years.

"Prison authorities have a great deal of discretion in running their institutions, and such discretion normally outweighs any interest that any individual prisoner may have in remaining housed in a particular prison."  *Rouse v. Benson*, 193 F.3d 936, 940 (8th Cir. 1999).  It is impermissible, however, to transfer a prisoner in retaliation for his exercise of a constitutionally protected right.  *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001).  To state a retaliation claim, a prisoner must allege the following: (1) the conduct which led to the alleged retaliation was constitutionally protected conduct; (2) he was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take

---

[2]      On February 28, 2012, the Supreme Court of the Virgin Islands affirmed Carty's convictions and the judgment of the Superior Court of the Virgin Islands.  *See Carty v. People of the Virgin Islands*, 56 V.I. 345 (2012).

[3]      Carty alleges that during his five years of confinement in Virginia, he has endured "atypical significant harsh conditions."  Carty's allegations of the conditions in the Virginia prison include: solitary confinement, physical abuse (including broken fingers, broken wrist, broken front tooth and injured lower lip), sexual assault, discrimination because of Rastafari religious beliefs, use of tear gas and an electric stun belt, use of force when he was in hand cuffs and leg chains, throwing away family letters and photographs, refusal to provide three meals per day, spitting on and pouring unknown liquids into his foods, and denial of medical treatment despite worsening health conditions (weight loss exceeding 100 pounds, headaches, blurry vision, dizziness, imbalance, nausea, inability to walk, bowel problems, and liver disease).

the adverse action.  *See Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977);

*Rauser*, 241 F.3d at 333.

Allegations of retaliation against a prisoner's First Amendment right to petition the

government may support a § 1983 claim.  *See Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.

1985); *Borough of Duryea v. Guarnieri*, __U.S. __, 131 S. Ct. 2488, 2494 (2011) (stating the

"right of access to courts for redress of wrongs is an aspect of the First Amendment right to

petition the government").  As with Carty's original complaint, however, his amended complaint

fails to allege any facts raising a plausible inference that Carty's appeal was a substantially

motivating factor in the decision to transfer him.  Essentially, Carty claims that because he has

no enemies in the Virgin Islands prisons and has not harmed any guards or inmates, the

explanation for his transfer and continued holding in Virginia must be that Wilson and Frazer are

retaliating against him.  A retaliation claim, however, cannot rest on the "logical fallacy of *post

hoc, ergo propter hoc*, literally 'after this, therefore because of this.'"  *Huskey v. City of San Jose*,

204 F.3d 893, 899 (9th Cir. 2000).  Accordingly, the Court recommends that Carty's § 1983

claim based on retaliatory transfer be dismissed for failure to state a claim.

**B.      Civil Conspiracy Claim**

Carty alleges that Wilson and Frazer engaged in a "retaliatory conspiracy" against him.

Specifically, Carty states that Wilson and Frazer had a "meeting[] of minds coming together

transfer[r]ing plaintiff under a sign[ed] contract agreement."

To state a conspiracy claim under § 1983, a plaintiff must allege that persons acting under

color of state law conspired to deprive him of a federally protected right.  A complaint stating a

conspiracy claim must "flesh out in some detail the nature of the scheme." *Loftus v. SEPTA*, 843

F. Supp. 981, 988 (E.D. Pa. 1994).  "While the pleading standard under Rule 8 [of the Federal

Rules of Civil Procedure] is a liberal one, mere incantation of the word[] 'conspiracy' . . . does not talismanically satisfy the Rule's requirements."  *Id.*

Here, Carty again has made a conclusory allegation that there was a conspiracy, but has not supported this speculation with any specific facts.  Accordingly, this Court recommends Carty's § 1983 claim based on a civil conspiracy be dismissed for failing to state a claim upon which relief may be granted.  *See Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991) (conspiracy claims based upon a *pro se* plaintiff's subjective suspicions and unsupported speculation are properly dismissed under 28 U.S.C. § 1915).

## C.    Denial of Access to Courts Claim

Finally, plaintiff asserts that Wilson and Frazer have denied him access to Virgin Islands legal material thereby preventing him from filing a petition for a writ of habeas corpus.[4]

It is well-established that inmates have a constitutional right of "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977).  This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  *Id.* at 828; *see Mitchell v. Wydra*, 377 Fed. Appx. 143, 145 (3d Cir. 2010) (explaining "[p]rison authorities need not provide both of these, but must provide one or the other") (alteration added).  To state a denial of access claim, a plaintiff must allege that official action either (1) is impeding him from pursing a direct appeal from a conviction, a habeas petition or a § 1983 claim, *see Lewis v. Casey*, 518 U.S. 343, 354-55 (1996), or (2) "caused the

---

[4]    Carty's lack of access to Virgin Islands legal materials is arguably belied by documentation Carty has filed in this case.  *See* [DE 14 at 11] (notice from the Virginia Department of Corrections acknowledging Carty's 2013 "law library" request and instructing Carty that "[o]ffenders on interstate compact requesting case law relevant to their home state must request assistance from the Interstate Compact Coordinator" and providing contact information and instructions).  Nevertheless, the Court assumes for instant purposes that Carty was denied Virgin Islands legal materials during the relevant time period.

loss or inadequate settlement of a meritorious case," the loss of an opportunity to file suit or "the loss of an opportunity to seek some particular order of relief." *Christopher v. Harbury*, 536 U.S. 403, 413-15 (2002); *see Stokes v. C.O.I Gehr*, 399 Fed. Appx. 697, 699 (3d Cir. 2010).  The plaintiff must also show that the underlying claim is valid. *Christopher*, at 536 U.S. at 415.  That is, the underlying claim must be sufficiently specific to ensure that the court can ascertain that the claim is not frivolous and that "the 'arguable' nature of the underlying claim is more than hope." *Id*. at 417.

Despite the Court's warning that the original access to court claim was devoid of a basis in fact, Carty again relies on the vague allegation that he cannot file a claim for habeas relief.  As in the original complaint, Carty again fails to (1) allege that the habeas petition he was unable to file is nonfrivolous, (2) identify the underlying cause of action, and (3) to the extent the claim is lost, plead that he can no longer obtain a remedy for that claim.  The Court recommends Carty's § 1983 claim based on an inability to file a habeas petition due to lack of court access be dismissed for failing to state a claim upon which relief may be granted.

## III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint be DISMISSED WITHOUT LEAVE TO AMEND pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Carty made no attempt to comply with the court's original screening order and the allegations in the amended complaint are essentially identical to those raised in the original complaint.

**Dated:**  July 29, 2014                                    S\_____
                                                                  **RUTH MILLER**
                                                                  United States Magistrate Judge